Pancho IGLECIAS–VILLARANA,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70915.

INS No. A72–903–753.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Pancho Iglecias–Villarana, ("petitioner") petitions for review of the final order of deportation entered by the Board of Immigration Appeals ("BIA") on June 30, 1999. Petitioner was served with an order to show cause ("OSC") on April 29, 1995—approximately six years and seven months after he entered the United States. At a hearing on July 19, 1996, the Immigration Judge denied Petitioner's application for suspension of deportation. On appeal, the BIA affirmed.

Petitioner contends that he was eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical

---

1. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625—bars such relief in his case. Petitioner's arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS*, 243 F.3d 510(9th Cir.2001). We do not consider Petitioner's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir. 2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

PETITION FOR REVIEW DENIED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.